# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL RAJPUT, | ) |
|        Plaintiff, | ) **Case No.:** <br> ) |
| v. | ) **COMPLAINT AND DEMAND FOR** <br> ) **JURY TRIAL** |
| SYNCHRONY BANK f/k/a GE <br> CAPITAL RETAIL BANK, | ) <br> ) **(Telephone Consumer Protection** <br> ) **Act)** |
|        Defendant. | ) |

## COMPLAINT

RACHEL RAJPUT ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Harrisburg, Pennsylvania 17112.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 950 Forrer Boulevard, Kettering, Ohio 45420.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around August 2014 and continuing through October 2014 Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis in an attempt to contact her about a Gap, Inc. credit card.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Defendant's telephone calls to Plaintiff's cellular telephone were not made for "emergency purposes."

16. During one of Defendant's calls to Plaintiff, Plaintiff explicitly revoked any consent that may have been previously given for Defendant to call her on her cellular telephone.

17. Plaintiff's revocation of consent was heard and acknowledged by Defendant.

18. Despite the above Defendant persisted in calling Plaintiff on her cellular telephone.

19. Most recently, Defendant called Plaintiff on October 3, 2014.

## COUNT I
## **<u>DEFENDANT VIOLATED THE TCPA</u>**

20. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

21. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

22. Despite the fact that Plaintiff revoked any consent that may have been previously given for Defendant to place calls to her Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

23. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

24. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, RACHEL RAJPUT respectfully prays for judgment as follows:

    a. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    b. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award

    such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

 c. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

 d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RACHEL RAJPUT, demands a jury trial in this case.

        RESPECTFULLY SUBMITTED,

Date: 08-14-15     By:*/s/ Craig Thor Kimmel*
          CRAIG THOR KIMMEL
          Attorney ID No. 57100
          Kimmel & Silverman, P.C.
          30 E. Butler Pike
          Ambler, PA 19002
          Phone: (215) 540-8888
          Fax: (877) 788-2864
          Email: kimmel@creditlaw.com